# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**SANDIA DEPOT, INC.,**

    **Plaintiff,**

v.                                                              Case No.  8:11-cv-945-T-30TBM

**WAVERLY FARMS, INC., et al.,**

    **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss (Dkt. 13) and Plaintiff's Response in opposition (Dkt. 18).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that Defendants' Motion to Dismiss should be denied.

## BACKGROUND

Plaintiff Sandia Depot, Inc. alleges claims against Defendants for payment under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e.  Specifically, Plaintiff alleges that Defendant Waverly Farms, Inc. ("Waverly") failed to pay Plaintiff for produce Plaintiff sold to Waverly.  Plaintiff alleges that the unpaid invoices for the produce are in the aggregate value of $82,576.05.  Plaintiff's complaint references a chart summarizing each unpaid invoice (Exhibit A filed at Dkt. 8) and alleges that Waverly received the related invoices from Plaintiff, but failed to make any payments to Plaintiff.

Defendants argue that Plaintiff's complaint is subject to dismissal because a September 18, 2009 Preliminary Injunction Order (the "Injunction Order") entered by this Court in *Wiers Farm, Inc. et al. v. Waverly Farms, Inc., et al.*, Case No. 8:09-cv-1742-JSM-TBM (the "Wiers Farm Lawsuit"), precludes Plaintiff from pursuing her PACA claims against Defendants. Defendants point to the following language in the Injunction Order in support of their argument that Plaintiff's claims against Defendants in this action are barred:

> Any and all pending actions brought by or on behalf of other persons or entities against Waverly Farms, Inc., its officers, directors, and agents seeking a share of the PACA Trust Assets are hereby stayed, <u>and all subsequent such actions are hereby barred</u>.

Dkt. 13-1 at ¶16 (emphasis added).

Defendants also argue that Plaintiff's PACA claims fail to comply with PACA's notice and preservation provisions set forth in 7 U.S.C. §499e(c)(3) and (c)(4).

For the reasons set forth below, the Court denies Defendants' motion to dismiss.

## **DISCUSSION**

### I. Standard of Review on a Motion to Dismiss

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to

dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1959, 1965; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

**II.     Defendants' Motions to Dismiss**

  A. <u>Defendants' Argument that the Injunction Order in the Wiers Farm Lawsuit bars Plaintiff's claims in this action</u>

Defendants' argument in favor of dismissal relies entirely on the Injunction Order entered in the Wiers Farm Lawsuit and, as Plaintiff points out, fails to consider the notice requirement contained in Fed. R. Civ. P. 65. Rule 65 of the Federal Rules of Civil Procedure governs the entry of injunctions and temporary restraining orders and is clear that only those who receive "actual notice" of a preliminary injunction are bound thereby. *See* Fed. Civ. P. 65(d). Specifically, Rule 65(d)(2) states in relevant part:

>  **(2)** *Persons Bound.* The order binds only the following <u>who receive actual notice</u> of it by personal service or otherwise:
>
>  **(A)** the parties;
>
>  **(B)** the parties' officers, agents, servants, employees, and attorneys; and
>
>  **(C)** other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

(emphasis added).

Plaintiff argues that it did not receive notice of the Injunction Order. And absent that notice, it cannot be bound by the Injunction Order even if the language of the Injunction Order attempts to bind "all subsequent" actions.

The Court agrees that the Injunction Order does not bar Plaintiff's claims in this action absent notice. Accordingly, Defendants' motion to dismiss related to their argument that Plaintiff's claims are barred is denied. Defendants may reassert this argument at the summary judgment stage if discovery reveals that Plaintiff received notice of the Injunction Order.

    B.    <u>Defendants' Argument that Plaintiff's PACA Claims fail to allege compliance with PACA's written notice and preservation provisions</u>

Defendants' final argument in favor of dismissal is that Plaintiff did not allege that it complied with the notice provisions contained in 7 U.S.C. §499e(c)(3) or (c)(4). These provisions state the following:

>  **(3)** The unpaid supplier, seller, or agent shall lose the benefits of such trust unless such person has given written notice of intent to preserve the benefits of the trust to the commission merchant, dealer, or broker within thirty calendar days (i) after expiration of the time prescribed by which payment must be made, as set forth in regulations issued by the Secretary, (ii) after expiration of such other time by which

payment must be made, as the parties have expressly agreed to in writing before entering into the transaction, or (iii) after the time the supplier, seller, or agent has received notice that the payment instrument promptly presented for payment has been dishonored. The written notice to the commission merchant, dealer, or broker shall set forth information in sufficient detail to identify the transaction subject to the trust. When the parties expressly agree to a payment time period different from that established by the Secretary, a copy of any such agreement shall be filed in the records of each party to the transaction and the terms of payment shall be disclosed on invoices, accountings, and other documents relating to the transaction.

**(4)** In addition to the method of preserving the benefits of the trust specified in paragraph (3), a licensee may use ordinary and usual billing or invoice statements to provide notice of the licensee's intent to preserve the trust. The bill or invoice statement must include the information required by the last sentence of paragraph (3) and contain on the face of the statement the following: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

Defendants argue that Plaintiff "failed to attach any invoices or other documents demonstrating it strictly complied with the written notice provisions." Plaintiff counters that the complaint references and attaches Exhibit A, which is a summary of the outstanding invoices provided to Defendants. Plaintiff also argues that the complaint alleges that Defendants received each of the invoices referenced in Exhibit A. And Plaintiff attaches to its response to the motion to dismiss each individual invoice (for a total of eleven) referenced in Exhibit A, which contains the preservation language required in section 499e(c)(4). Plaintiff also attaches eleven checks issued from Waverly to Plaintiff, which Waverly's bank subsequently stopped payment on due to insufficient funds.

The Court concludes that Plaintiff's complaint sufficiently complies with PACA's notice and preservation provisions in order to state a claim. The chart attached as Exhibit A to the complaint summarizes the unpaid invoices. Although the Court typically does not consider information outside the four corners of the complaint on a motion to dismiss, the attachments to Plaintiff's response are related to and supplement Exhibit A to the complaint.

Accordingly, Defendants' motion to dismiss related to their argument that Plaintiff's claims do not comply with PACA's notice and preservation provisions is denied.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss (Dkt. 13) is hereby DENIED.

2. Defendants shall file an answer to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on August 31, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-945.mtdismiss13.frm